UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KAREN RAY, as personal representative of the estate of Marcus Ray Alford, Sr., and as guardian and next friend of M.R.A, J., a minor, and M.A., a minor, and on behalf of all wrongful death beneficiaries, <br><br> and <br><br> SAMUEL GRINDER, individually as surviving spouse and personal representative of the estate of Billie Jean Grinder, and on behalf of all wrongful death beneficiaries, <br>       Plaintiffs, <br><br> v. <br><br> BELL HELICOPTER TEXTRON, INC., <br>       Defendant. | No. 3:11-cv-131 <br> (Phillips/Guyton) |

## ORDER

**I. Introduction**

This matter comes before the Court on Defendant Bell Helicopter Textron, Inc.'s Motion for Summary Judgment [Doc. 8] and Plaintiffs' Motion to Dismiss Defendant Bell's Motion for Summary Judgment and to Stay Proceedings Pending Discovery [Doc. 15]. The Court having reviewed said motions, and for the reasons contained herein, Plaintiffs' Motion to Dismiss Defendant Bell's Motion for Summary Judgment [Doc. 15] is **DENIED**; Plaintiffs' Motion to Stay Proceedings Pending Discovery [Doc. 15] is **GRANTED**; and Defendant's Motion for Summary Judgment [Doc. 8] is **DENIED AS PREMATURE**.

**II. Background**

### A. Statement of the Facts

On or about February 21, 2010, while traveling on an Army mission in Iraq, Marcus Ray Alford, Sr. and Billie Jean Grinder sustained fatal injuries in connection with the crash of a United States Army OH-58D helicopter. [Doc. 1-1, at 5.] Alford, Grinder, and Plaintiffs Karen Ray and Samuel Grinder were citizens and residents of Knox County and Sumner County, Tennessee at all times relevant to this action. *Id.* at 3.

Defendant Bell Helicopter Textron, Inc. is the manufacturer of the OH-58D helicopter at issue in this matter. Bell is a corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in the State of Texas. [J. Russell Holloway Aff., Doc. 1-3, ¶ 5.] Since 1951, Bell has built thousands of helicopters for military use by the United States Government. [Loretta Wheeler Aff., Doc. 10-1, ¶ 3.] Bell states that it is "required to follow Government-mandated procedures, design specifications, performance specifications, regulations, laws, and standards for the designs, materials, production, and delivery" of such helicopters. *Id*. Bell insists that the Government is directly and intimately involved with the development of its helicopters, and controls the design of every aspect of the helicopters, including without limitation the types of materials used in the helicopters and their component parts. *Id.* ¶ 4. Since the 1960s, the Government has maintained personnel at Bell's plant to "review and approve engineering drawings, assure adherence to military specifications and requirements, assist Bell's employees in achieving full compliance with military contract requirements, approve manufacturing and assembly processes and products, and accept helicopters and supplies on behalf of the Government after determining that they met every contract requirement." *Id.* ¶¶ 3, 4. The

Government also conducted testing of the helicopters to ensure that the designs met the Army's specifications. *Id.* ¶ 5.

Bell states that once helicopter contract terms and specifications were established, Bell had little or no leeway in changing the required design of the helicopters. *Id.* If Bell failed to manufacture the helicopters in strict compliance with Governments specifications, Bell was subject to a variety of penalties. *Id.* ¶ 6. Bell was not permitted to change specifications in any way without express and written authorization from the Government. *Id.*

Pursuant to this arrangement, Bell manufactured the OH-58D helicopter at issue in this case, and delivered the helicopter to the Government on July 1, 1991. *Id.* ¶ 9. The Government certified that the helicopter conformed to the Government's specifications set forth in the contract documents by issuing a Material Inspection and Receiving Report. *Id.*

The Government and Bell also prepared operators' manuals, flight manuals, maintenance manuals, and parts manuals for the OH-58D helicopter to be used by Government personnel. *Id.* ¶ 7. Bell prepared initial drafts of the manuals, and supplied them to the Government for review and revision. *Id.* The Government then empaneled a review board to analyze the content of the manuals and make the necessary revisions, additions, and deletions for the manuals to conform with the Government's preferences. *Id.* The Government supplied Bell with the revised manuals, as well as printing templates for the manuals. *Id.* Bell returned a master copy of the manual to the Government, which then printed and distributed the manuals to military personnel. *Id.*

In 1998, Bell was awarded a contract by the Army to perform upgrades on 28 helicopters, including the OH-58D helicopter at issue in this case. *Id.* ¶ 10. These upgrades required the incorporation of new equipment, including (1) crashworthy crew seats; (2) an improved data

-3-

Case 3:11-cv-00131   Document 19   Filed 03/26/12   Page 3 of 10   PageID #: 239

modem; (3) a C30R/3 engine with a Full Authority Digital Electronic Control ("FADEC") system; and (4) improved master controller processor units. *Id.* Bell states that certain of this equipment, including but not limited to the C30R/3 engine and the FADEC system, were not manufactured by Bell; rather, they were manufactured by third parties, purchased by the Government, and drop-shipped to Bell for installation. *Id.* ¶ 11. Bell also worked with the Government to revise the manuals to reflect information affected by the upgrade work. *Id.* ¶ 15. The manuals were upgraded according to the draft, review, and revision process previously described. *Id.*

The upgrades of the helicopters were completed, and the helicopters were returned to the Army on October 27, 1999. *Id.* ¶ 15. The Government certified that the helicopters conformed to Government's specifications by issuing a Material Inspection and Receiving Report. *Id.*

On or about February 21, 2010, one of the OH-58D helicopters manufactured and subsequently upgraded by Bell crashed during an Army mission in Iraq, killing Marcus Ray Alford, Sr. and Billie Jean Grinder. [Doc. 1-1, at 5.]

### B. Statement of the Case

Plaintiffs Samuel Grinder and Karen Ray filed this action in the Circuit Court for Knox County, Tennessee on February 18, 2011. [Doc. 1-1.] Plaintiffs contend that the helicopter accident occurred as a result of the failure of the FADEC system, as well as the allegedly defective manufacture, construction, design, preparation, assembly, testing, service, warning, instruction, and marketing of the helicopter. *Id.* at 6. Plaintiffs state that Defendant Bell's negligence proximately caused the crash, the decedents' suffering and death, and the Plaintiffs' damages. *Id.* at 6-8. Plaintiffs also bring claims for breach of express and implied warranty and for strict liability. *Id.* at 8-9. Further, Plaintiffs contend that Bell exhibited "despicable conduct, conscious disregard, willful

misconduct, malice, fraud, wantonness, oppression and reckless disregard for the rights, lives, welfare and safety of the decedents and individuals similarly situated . . . ." *Id.* at 6. Plaintiffs seek $30 million in compensatory damages and $50 million in punitive damages. *Id.* at 9-12.

Bell filed a Notice of Removal of this case from the Circuit Court for Knox County, Tennessee on March 17, 2011, basing removal on diversity jurisdiction, federal officer removal, and federal question jurisdiction. [Doc. 1.] On March 25, 2011, prior to entry of a scheduling order and conducting of discovery, Bell filed a Motion for Summary Judgment, [Doc. 8], on the grounds that (1) Bell is shielded from liability pursuant to the government-contractor defense; (2) Plaintiffs' claims are prohibited by the combatant-activities exception to the Federal Tort Claims Act; and (3) Plaintiffs' claims are barred by Tennessee's 10-year statute of repose. [Docs. 8, 9.]

In lieu of filing a response to Bell's motion, on April 13, 2011, Plaintiffs Samuel Grinder and Karen Ray filed a Motion to Dismiss Defendant Bell's Motion for Summary Judgment and Motion to Stay Proceedings Pending Discovery. [Doc. 15.] Plaintiffs contend that Bell's Motion for Summary Judgment is moot because this case was voluntarily non-suited in the Circuit Court for Knox County, Tennessee on March 18, 2010, pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure. Plaintiffs state that this matter was therefore dismissed prior to Bell's filing of its completed notice of removal. [Doc. 13, at 3-4.] Alternatively, Plaintiffs request a stay of the summary judgment proceedings in order to conduct discovery, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. *Id.* at 4-6. Plaintiffs admit that they cannot at this time present by affidavit facts essential to justify the opposition to Bell's Motion for Summary Judgment, but insist that some discovery is necessary prior to this Court's determination of Bell's motion. *Id.*

III.   Analysis

   A.   **Motion to Dismiss Defendant Bell's Summary Judgment Motion as Moot**

Plaintiffs' argument regarding the mootness of Bell's Motion for Summary Judgment is not well taken. On March 17, 2011, Bell filed Notices of Removal in both the Knox County Circuit Court and in this Court. [Doc. 1.] On March 18, 2011, Plaintiffs filed a voluntary non-suit in the Knox County Circuit Court regarding Bell, and the Knox County Circuit Court entered an order dismissing Bell, all other Defendants having been dismissed without prejudice under previously entered orders. Later that afternoon, Bell's Notice of Removal was entered into this Court's electronic central filing ("ECF") system. *Id.* However, the notice was time-stamped March 17, 2011. *Id.* Bell filed an additional attachment in this Court on March 18, 2011: a copy of the Notice of Removal filed by Bell in state court. [Doc. 1-5.]

Bell's Notice of Removal was deemed filed as of the date and time stamped on the paper filing, not the date and time that it was entered into the Court's ECF system. *See* Electronic Case Filing Rules and Procedures of the United States District Court for the Eastern District of Tennessee, § 4.4, 8. Bell's removal was therefore effective on March 17, 2011, one day prior to the state court's dismissal of this matter. The "additional attachment" filed in this Court on March 18, 2011 was a copy of the Notice of Removal filed by Bell in state court; such a document was not required to perfect Bell's removal. *See* 28 U.S.C. § 1441 (stating that a Notice of Removal must contain only "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action"). Bell's removal of this case to federal court was timely and proper, and accordingly the Court will deny Plaintiffs' motion to dismiss as moot Bell's motion for summary judgment. [Doc. 15.]

### B.  Motion to Stay Proceedings Pending Discovery

A party must receive "'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *HCA-Info. Tech. & Servs. v. Informatica Corp.*, No. 3:10-cv-1155, 2011 WL 5117727, *2 (M.D. Tenn. Oct. 25, 2011) (citing *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004)). Rule 56(d) of the Federal Rules of Civil Procedure provides that, if a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, a court may defer considering the motion for summary judgment pending further discovery. The affidavit or declaration required by this rule must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). A motion under Rule 56(d) may be properly denied where the requesting party "makes only general and conclusory statements regarding the need for more discovery," *Ball*, 385 F.3d at 720 (citing *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999), or where the affidavit "lacks 'any details' or 'specificity,'" *id.* (citing *Emmons v. McLaughlin*, 874 F.3d 351, 357 (6th Cir. 1989)).

The Sixth Circuit has identified five factors relevant to a party's request for additional discovery under Rule 56(d): "(1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests." *HCA-Info. Tech & Servs.*, 2011 WL 5117727, at *2 (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)). Where no discovery whatsoever has taken place, the first and third

factors weigh in favor of the party seeking relief under Rule 56(d), and the fourth and fifth factors are inapplicable. *Thomason v. Amalgamated Local No. 863*, 438 Fed. App'x 358, 361 (6th Cir. 2011). In addition, it is well settled in the Sixth Circuit that "when the parties have no opportunity for discovery, denying the Rule 56[(d)] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *Id.* (citing *CenTra*, 538 F.3d at 420 (collecting cases)).

In their memorandum of law in support of their motion to stay proceedings, Plaintiffs aver that they need to "conduct discovery on the relationship between Bell and the United States Government in order to determine whether or not Bell is entitled to rely on the government contractor defense." [Doc. 13, at 5-6.] Plaintiffs also state that Bell's arguments for relief under the combatant-activities exception to the Federal Tort Claims Act and under Tennessee's 10-year statute of repose "require discovery to determine Bell's relationship with the machine in question." *Id.* at 6. Plaintiffs presented evidence that, at the time of the filing of Bell's Motion for Summary Judgment, Plaintiff Karen Ray had sought and been unable to obtain a copy of the complete Army safety accident report for the helicopter crash. [Doc. 13-1.] Ray was informed on January 26, 2011, that the safety accident report in her son's case would be released in the summer of 2011. [Doc. 13-2.] Plaintiffs also attached to their memorandum an affidavit of their counsel, Mark A. Brown, who stated that "[t]he Safety and Accident Investigation Report will provide beginning information which will assist in discovering and presenting affidavit facts essential to justify Plaintiffs' opposition to Bell's Motion for Summary Judgment." [Doc. 13-3, ¶ 5.] Brown also stated that "[i]n order to respond to [Bell's] defenses discovery into the actual relationship between the Government and Bell needs to be conducted," and that "[s]ince Bell is a party, this cannot be done by affidavit, it must be done via deposition and written discovery." *Id.* ¶¶ 8-9.

Bell responds that Plaintiffs' Motion to Stay fails to specify what discovery is needed and how that discovery may preclude summary judgment in Bell's favor. [Doc. 16, at 5-7.] Bell claims that Plaintiffs have done "little more than state that Plaintiffs could support their claims if they were given discovery," and that the request is therefore insufficient under Rule 56(d). *Id.* at 6. Because Plaintiffs stated in their Complaint and filings in this Court that the helicopter crash resulted from a failure of the FADEC system, Bell contends that Plaintiffs "do not need the accident report to determine the cause of the accident." *Id.* Bell concludes that the affidavit of Loretta Wheeler puts to rest any question of Bell's liability. *Id.* at 6-7.

The Court finds that Plaintiffs have satisfied the requirements of Rule 56(d). That is, they have provided the affidavit of their attorney in support of their request, identifying Plaintiffs' need for discovery, the issues and facts about which they seek to gain information, and why they have not previously discovered the information. [Docs. 13, 13-3.] Unlike most unsuccessful Rule 56(d) requests, Plaintiffs have no merely stated that additional discovery is needed; rather, they identified that they seek to obtain further information about the relationships between Bell and the Government and between Bell and the subject FADEC system, the nature of which are critical to several of Bell's defenses. And while a scheduling order has not been entered in this case, nor has any discovery been conducted, Plaintiffs exhibited to the Court their previous efforts to obtain some information about the helicopter crash through the Safety Accident Report. [Docs. 13-1, 13-2.]

In addition, the Court is wary to rule on a motion for summary judgment where no discovery whatsoever has taken place. *See, e.g.*, *Thomason*, 438 Fed. App'x at 361; *CenTra*, 538 F.3d at 420. The Court recognizes that whether a party is entitled to statutory defenses like those asserted by Bell is often a matter of law decided at the summary judgment stage of pretrial litigation.

However, the Court nonetheless believes that the balancing of factors in this case slightly favors Plaintiffs' request for additional discovery, as some measure of discovery is necessary to properly define the relationship between Bell and the Government and between Bell and the subject helicopter and its component parts. The Court finds that Plaintiffs are entitled to discovery before responding to Bell's Motion for Summary Judgment, and accordingly the Court will grant Plaintiffs' request that the Court defer ruling on Bell's motion until such discovery has taken place.

    **C.**    **Motion for Summary Judgment**

Because the Court finds that some discovery is necessary in this case prior to the Court's consideration of Defendant Bell's Motion for Summary Judgment, Bell's motion [Doc. 8] will be denied as premature at this time, subject to renewal at a later date.

**IV.**    **Conclusion**

For the reasons contained herein, it is hereby **ORDERED** that Plaintiffs' Motion to Dismiss Defendant Bell's Motion for Summary Judgment [Doc. 15] is **DENIED**; Plaintiffs' Motion to Stay Proceedings Pending Discovery [Doc. 15] is **GRANTED**; and Defendant Bell's Motion for Summary Judgment [Doc. 8] is **DENIED AS PREMATURE**. The Clerk of Court is directed to assign a trial date and issue a Scheduling Order in this matter.

    **IT IS SO ORDERED**.

    **ENTER:**

        s/ Thomas W. Phillips
    United States District Judge